**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------
DULCE CUCO,                            :
                                       :
         Plaintiff,                    :       Civil Action No.
                                       :       05-5347 (SRC)
    v.                                 :
                                       :
UNITED STATES OF AMERICA               :
(FEDERAL BUREAU OF PRISONS),           :
                                       :
                                       :
         Defendant.                    :
---------------------------------     :

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Defendant's motion to transfer this action to the Eastern District of Kentucky [Docket Entry No. 13]. Plaintiff opposed the motion. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons expressed below, I respectfully recommend that the Court enter an Order granting Defendant's motion.

**BACKGROUND**

    On or about November 10, 2005, pro se Plaintiff Dulce Cuco ("Plaintiff" or "Cuco") filed a Complaint alleging a cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §

2672, for medical negligence and "inconsistencies." Cuco is a former inmate at the Atwood Federal Prison Camp/Federal Medical Center in Lexington, Kentucky. In her Complaint, Cuco states that prior to her arrival at the Atwood facility in November 2003, she was diagnosed with severe anemia, stomach problems, heavy menstrual bleeding due to a fibroid cyst on her right ovary, sporadic leaking from her left breast, and post traumatic stress syndrome/panic disorder. Cuco alleges that due to the lack of proper medical care while at the Atwood facility, her medical conditions worsened. Cuco's Complaint seeks two million dollars in damages.

In January 2006, Defendant United States of America ("Defendant" or "United States") moved to transfer this matter to the Eastern District of Kentucky. In so moving, Defendant argues that the case should be transferred to Kentucky because all of the events transpired there, the witnesses and records are located there and Kentucky law governs the case. In addition, Defendant points out that Plaintiff has a related action pending in the Eastern District of Kentucky, which was filed prior to Plaintiff's filing of this action. Defendant argues that, given these factors, the interests of justice would be best served by the requested transfer.

In response, Plaintiff argues that the interests of justice would not be served by a transfer to Kentucky in light of the fact that she is a lifelong resident of New Jersey, her underlying

criminal case was decided by a judge in New Jersey, and Cuco was released to a halfway house in New Jersey after her incarceration at the Atwood facility.  Moreover, Cuco maintains that her witnesses have relocated to various states and that all of her doctors reside in New Jersey.  Accordingly, Cuco requests that the motion to transfer be denied.

## DISCUSSION

Defendant requests that this case be transferred to the Eastern District of Kentucky pursuant to U.S.C. § 1404(a).  § 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Thus, as a threshold matter, we must determine whether the instant matter "might have been brought" in the Eastern District of Kentucky.

Under 28 U.S.C. § 1402(b), a civil action on a tort claim against the United States – such as the FTCA claim made by Plaintiff in this case – "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  Here, Defendant concedes that under § 1402(b) the Complaint was properly filed in the District of New Jersey because Cuco resides in New Jersey.  However, the Court finds that this case may also have been properly filed in the Eastern District of Kentucky given that the allegations in

3

the Complaint focus on acts or omissions relating to Plaintiff's medical care while detained in the Atwood facility in Lexington, Kentucky.  Therefore, this matter meets the § 1404(a) requirement that it "might have been brought" in the proposed transferee court, the Eastern District of Kentucky.

Turning to the remainder of the transfer analysis, the Court must consider three factors when determining whether to grant a § 1404(a) transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F. Supp. 2d 518, 526 (D.N.J. 2000). The analysis is not limited to these factors, but rather is a flexible analysis in which the Court must consider "all relevant factors to determine whether on balance the litigation [will] more conveniently proceed and the interests of justice be better served by transfer to a different forum." Id. (citations and internal quotations omitted).  Indeed, the test applied in determining whether to transfer an action pursuant to § 1404(a) is an "individualized analysis and must be made on the unique facts presented in each case." Id. at 527 (citations omitted).

Courts have identified a number of additional factors that may be considered when deciding a transfer motion.  These factors generally fall into two categories, private interests and public interests.  Private interests include:

> (1) plaintiff's forum preference as manifested in the original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition, (5) the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C., 21 F. Supp. 2d 465, 474 (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)) (internal quotations omitted).  Public interests include:

> (1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

Id. (citing Jumara, 55 F. Supp. 2d at 879-80) (internal quotations omitted).

### A. Private Interests

Here, the private interests weigh in favor of transferring the case to the Eastern District of Kentucky.  While a plaintiff's forum choice generally deserves deference, it is accorded less deference "where the operative facts of a lawsuit occurred outside the forum selected by plaintiff."  Id. at 475

(citing Am. Tel. & Tel. Co. v. MCI Communications Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990)). Plaintiff Cuco's claims appear to center exclusively around alleged acts and omissions of prison officials at the Atwood facility in Lexington, Kentucky. Thus, Plaintiff's choice of the District of New Jersey is entitled to less deference.

In considering the convenience of the witnesses, the Court concludes that this factor weighs in favor of transferring the action to the Eastern District of Kentucky. As noted above, Plaintiff's claims relate entirely to the acts and omissions of prison officials in Kentucky. These witnesses will likely play a key role in the development of the case. While there may be a number of peripheral witnesses located in New Jersey and other parts of the country, the analysis of witness convenience nevertheless tips in favor of transfer.

Further, at least some of the relevant documents, as well as the actual situs of the alleged events, are also located in the state of Kentucky. See Liggett, 102 F. Supp. 2d at 528 (noting that court may consider "the possibility of a jury view of the premises" in deciding whether transfer is appropriate). These factors support transfer of the action to Kentucky.

Although litigating this case in the District of New Jersey would be more convenient for the plaintiff, a New Jersey resident, the United States, on the other hand, enjoys more

6

flexibility in terms of its ability to litigate an action in a different venue. While this factor weighs against transferring this action from the Plaintiff's perspective, the Court concludes that on balance, viewing all factors relevant to a private interest analysis, such factors overall weigh in favor of transfer.

**B.   Public Interests**

The public interests also weigh in favor of transferring this case to the Eastern District of Kentucky.  Central to this analysis is that the operative facts occurred exclusively in the transferee district.  Thus, it is clear that it will likely be less expensive and more efficient for the case to proceed in the Eastern District of Kentucky.  Further, Kentucky has an interest in resolving this controversy in its home forum.  Finally, judges in the Eastern District of Kentucky will have greater familiarity with Kentucky tort law (to the extent that it is implicated here) than a judge sitting in the District of New Jersey.  Thus, taken together, the public interest factors support the transfer of this case to Kentucky.

**C. Interests of Justice**

Finally, transferring this action to the Eastern District of Kentucky will serve the interests of justice.  "Where related lawsuits exist, 'it is in the interests of justice to permit suits involving the same parties and issues to proceed before one

court and not simultaneously before two tribunals.'" Liggett, 102 F. Supp. 2d at 537 (quoting Ricoh Co., Ltd. v. Honeywell, Inc., 817 F. Supp. 473, 537 (D.N.J. 1993)); see also Travelers Indem. Co. v. E.F. Corp., No. 95-5660, 1997 WL 135819, at *8 (E.D. Pa. March 17, 1997) ("The 'presence of a related case in the transferee forum is a powerful reason to grant a change of venue.'")(citations omitted).

On June 6, 2005, several months before filing her Complaint here, Cuco filed a Complaint in the District Court for the Eastern District of Kentucky. In that case, Cuco alleged claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") and pendent state law claims, all of which relate to her medical treatment while housed at the Atwood facility. In June 2006, the District Court in Kentucky dismissed Plaintiff's case and Plaintiff filed an appeal to the Sixth Circuit.[1]  Plaintiff's

---

[1] It bears noting that in dismissing Cuco's complaint, the District Court in Kentucky discussed at length Cuco's related complaints filed in the District of New Jersey.  The Kentucky Court traced the procedural history of Cuco's claims in this court by observing that Cuco filed her first FTCA action here on July 29, 2005, which was within the six-month limitations period triggered by the Bureau of Prisons' ("BOP") January 31, 2005 letter to Cuco denying her claims. See Cuco v. Fed. Med. Ctr. - Lexington, No. 05-CV-232-KSF, 2006 WL 1635668 (E.D. Ky. June 9, 2006), at *47.  The Kentucky District Court further noted that the District Court in New Jersey dismissed Cuco's case for failure to demonstrate exhaustion of administrative remedies because she did not allege exhaustion or attach the BOP's letter to her complaint. Id.  Moreover, the Kentucky District Court opined that there was a more serious flaw in Cuco's July 2005 complaint filed here:

appeal is still pending.

In light of the fact that there is a pending related action in the Eastern District of Kentucky, which was filed prior to the filing of the instant matter, transferring this case to Kentucky will promote the interests of justice. See Ricoh, 817 F. Supp. at 487 ("When two suits involving the same parties and subject matter are pending concurrently, the first-filed suit should have priority absent a showing that the balance of inconvenience

---

> [T]hat complaint was subject to dismissal on a more fundamental ground: Cuco named the Bureau of Prisons, not the United States, as the defendant. Because the United States is the only proper defendant to an action under the FTCA, her complaint failed to state a claim upon which relief could be granted. 28 U.S.C. § 2679(a) . . . . . But of even greater importance is the fact that by failing to sue the United States, Cuco failed to serve or otherwise give the United States actual or constructive notice of the claims against it within the limitations period.

Id.
  The District Court in Kentucky continued in its analysis of Plaintiff's claims asserted in this court by observing that Plaintiff ultimately did name the United States in the second suit she filed in the District of New Jersey (the instant matter). Id. at *48. The Kentucky Court noted, however, that at the time of its decision Plaintiff's proof of service filed in this matter indicated service upon FMC-Lexington, not upon either the BOP or the United States. Id. A review of the record reveals that Plaintiff appears to have cured this problem by serving the United States in November 2006. However, although the issue has not been placed before this court by way of the instant application, there remains a question as to whether this case should be dismissed for Plaintiff's failure to provide notice to the United States within the six-month limitations period.

favors transfer or unless there are special circumstances which justify giving priority to the second suit.") (citations omitted).  Accordingly, Defendant's motion to transfer should be granted.

## CONCLUSION

In light of the foregoing, it is respectfully recommended that Defendant's motion to transfer [Docket Entry No. 13] be granted.

Respectfully submitted,

  *s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**
**Dated: September 6, 2007**